Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ELIOMAR SÁNCHEZ ROSARIO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500022 | Revisión administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Reclasificación de custodia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de febrero de 2025.

Comparece el señor Eliomar Sánchez Rosario (recurrente), por derecho propio y de manera *pauperis,* mediante recurso suscrito el 10 de diciembre de 2024, depositado en el correo postal el 30 de diciembre de 2024 y recibido en la Secretaría de este Tribunal el 13 de enero de 2025. Solicita que revoquemos una determinación emitida el 30 de octubre de 2024, y notificada el 27 de noviembre de 2024, por el Comité de Clasificación y Tratamiento del Departamento de Corrección y Rehabilitación (DCR). En ésta el DCR denegó la solicitud de reconsideración del recurrente y ratificó el nivel de custodia en el que se encuentra.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, por tardío.

## I.

### A.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[1] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[2] Ello en vista de que el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[3]

Así, si un recurso de revisión o apelación se presenta mientras el foro apelado tiene ante su consideración una determinación que se encuentra pendiente y no ha sido resuelta, el foro apelativo debe desestimar el recurso por este ser prematuro. En cambio, un recurso que se presenta luego del término que provee la ley para recurrir debe desestimarse por ser un recurso tardío. La presentación prematura o tardía del recurso priva de jurisdicción al tribunal al cual se recurre.[4] De manera que, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[5]

---

[1] *Pueblo v. Rivera Ortiz,* 209 DPR 402, 414 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[2] *Ruiz Camilo v. Trafon Group, Inc.,* supra.
[3] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).
[4] *Pueblo v. Rivera Ortiz,* supra, págs. 414-415.
[5] *Rivera Marcucci v. Suiza Dairy Inc., supra.*

Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 83 (C), nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

**-B-**

El derecho a cuestionar una determinación emitida por una agencia administrativa es parte del debido proceso de ley.[6]

La Ley Núm. 103-2003, conocida como Ley de la Judicatura de 2003 (Ley de la Judicatura), según enmendada[7]; la Sección 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU)[8]; y la Regla 57 de nuestro Reglamento[9], establecen la jurisdicción y competencia de este Tribunal para atender un recurso de revisión administrativa.

Así, al amparo del Artículo 4.006(c) de la Ley de la Judicatura[10], este tribunal apelativo conocerá mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de toda decisión, orden y resolución final de las agencias administrativas.

Por su parte, la Sección 4.2 de la LPAU, *supra,* dispone que una parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, en un término de treinta (30) días contados a partir de la fecha del archivo en autos de copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de dicha

---

[6] *ACT v. Prosol, et als.*, 210 DPR 897, 908 (2022).
[7] 4 LPRA secs. 24(t) *et seq.*
[8] 3 LPRA sec. 9672.
[9] 4 LPRA Ap. XXII-B R. 57.
[10] 4 LPRA sec. 24y(c).

ley[11], cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Igualmente, la Regla 57 de nuestro Reglamento, *supra*, dispone que el escrito de revisión deberá ser presentado dentro del término jurisdiccional de 30 días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.

### III.

En este caso, el DCR notificó al recurrente su determinación el 27 de noviembre de 2024. A partir de ese momento, el recurrente disponía de un término jurisdiccional del treinta (30) días para presentar el recurso de revisión administrativa.

A pesar de que el recurrente indicó que firmó el recurso el 10 de diciembre de 2024, en éste incluyó una nota en la que informa que <u>no</u> ponchó el escrito en la institución carcelaria.[12] Ello significa que éste no hizo la entrega del documento ni gestionó su remisión a través del DCR. Por consiguiente, no podemos tomar la fecha del 10 de diciembre de 2024 como la de presentación del recurso que nos ocupa.[13]

Así pues, debido a que en el recurso no fue entregado a la institución correccional, tomamos la fecha del matasellos del servicio postal como la fecha de presentación. El recurrente instó su recurso el 30 de diciembre de 2024.[14] Habiendo sido notificado

---

[11] 3 LPRA sec. 9655.

[12] *Véase,* pág. 9 de recurso de revisión judicial.

[13] A tenor con la Regla 30.1 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, y lo resuelto en *Álamo Romero* v. *Adm. De Corrección*, 175 DPR 314, 329 (2009), para aquellos confinados que soliciten revisión administrativa por derecho propio, se considerará como fecha de presentación aquella en que el recurso fue entregado a la institución penal.

[14] *Véase,* última página del apéndice del recurso no numerado.

de la determinación de la agencia el 27 de noviembre de 2024, el término jurisdiccional de treinta (30) para radicar el recurso venció el 27 de diciembre de 2024. Siendo el término para la presentación del recurso uno fatal e improrrogable, su presentación tardía nos priva de jurisdicción para atenderlo, por lo que sólo procede su desestimación.

## IV.

En virtud de lo anterior se desestima el recurso por falta de jurisdicción, al haberse presentado de manera tardía.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos está conforme y añade que, aun si tuviéramos jurisdicción, procedería la confirmación de la determinación recurrida.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones